UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 3:14-cr-056 |
| v. | : | Judge Michael R. Barrett |
| EUGENE ROBERTS, | : | **ORDER DENYING MOTION FOR** |
| Defendant. | : | **COMPASSIONATE RELEASE** |

This matter is before the Court on Defendant Eugene Roberts's pro se motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 48, filed 09/13/2021). In connection with Amended General Order 20-21, attorney Thomas G. Eagle was appointed (Doc. 50) to represent Defendant and thereafter filed a supplemental motion (Doc. 52, filed 10/07/2021)[1] on his behalf. The United States did not respond to either filing.[2]

I. BACKGROUND

On July 2, 2014, Defendant pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1). (Docs. 27, 28). He was later sentenced to 240 months of imprisonment, followed by a lifetime of supervised release. (Docs. 35–37). Defendant, who is 66 years-old, is currently incarcerated at FCI Loretto. "Find an inmate," Federal Bureau of Prisons available at (https://www.bop.gov/inmate loc/ (last visited 11/12/2021). His projected release date is April 18, 2031. *Id.*

---

[1] Appointed counsel has requested an "oral or evidentiary" hearing in this matter. The Court concludes that oral argument is not essential to the fair resolution of the issues Defendant raises vis-à-vis compassionate release. *See* S.D. Ohio Civ. R. 7.1(b)(2) & S.D. Ohio Crim. R. 1.3. Nor is additional evidence needed given Defendant's vaccination status. *See infra* pp. 7–8.

[2] Amended General Order 20-21 provides, "The government shall have 14 days from the filing of the supplement to respond, at which time the matter shall stand ripe for adjudication."

## II.    DISCUSSION

### A.  Availability of Compassionate Release

Pertinent here, the court "may not modify a term of imprisonment" based on a defendant's compassionate release motion[3] until "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).  The Sixth Circuit has ruled that, despite the circumstances presented by COVID-19, the exhaustion requirements found in § 3582(c)(1)(A) are mandatory and thus present "a glaring roadblock foreclosing compassionate release." *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) (quoting *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020)).  Prisoners have two routes, then, to directly petition courts for compassionate release: (1) file a motion after fully exhausting administrative appeals of the BOP's decision not to file a motion for compassionate release, or (2) file a motion after "the lapse of 30 days from the receipt ... of such a request" by the warden of the prisoner's facility. 18 U.S.C. § 3582(c)(1)(A).

Defendant declares (under penalty of perjury) that he "personally submitted [his] request for compassionate release to the Warden" and his request was denied on July 23, 2020.  (*See* Doc. 48 PAGEID 194–95, 198).  However, no written copies of Defendant's request and the Warden's denial are attached either to Defendant's pro se motion or appointed counsel's

---

[3] Section 603(b) of the First Step Act allows inmates to file motions for compassionate release in federal court.  Previously these motions could only be brought by the Director of the Bureau of Prisons, "and as a result, defendants seldom were released." *United States v. Owens*, 996 F.3d 755, 758–59 (6th Cir. 2021).  "The BOP used that power so 'sparingly' that the Department of Justice's Inspector General found in a 2013 report that an average of only 24 imprisoned persons were released each year by BOP motion.  According to the same report, the BOP poorly managed the compassionate-release process and failed to establish timeliness standards for reviewing prisoner requests, causing delays so substantial that inmates sometimes died awaiting final BOP decisions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (citations omitted). *Cf. United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020) ("No one contests that Congress made this change to increase access to compassionate release.").

supplement.

"[M]andatory claim-processing rules bind the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833 (citing *Eberhart v. United States*, 546 U.S. 12, 19 (2005)). Because the United States failed to respond to either Defendant's pro se motion or appointed counsel's supplement, it has waived any argument contesting the fact of exhaustion. Thus, the undersigned can proceed to the merits of Defendant's motion.

### B. No Extraordinary or Compelling Reasons Support a Reduction in Sentence

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances." *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). A three-step inquiry is necessary. *Id.* at 1101. "[A]t steps one and two of the § 3582(c)(1)(A) inquiry, district courts must find both that 'extraordinary and compelling reasons warrant [a sentence] reduction' and 'that such a reduction is consistent with *applicable* policy statements[4]

---

[4] The policy statement of the Sentencing Commission appears at Section 1B1.13 of the Guidelines and provides in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;
> ….
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement). The Commentary to § 1B1.13 describes several ways that a defendant can demonstrate an "extraordinarily and compelling" reason, but only one concerning medical conditions unrelated to advanced age:

> (A)  Medical Condition of the Defendant –

issued by the Sentencing Commission." *Id.* at 1109 (emphasis in original). *Jones* clarifies that

"the passage of the First Step Act rendered [U.S.S.G.] § 1B1.13 'inapplicable' to cases where an

imprisoned person files a motion for compassionate release." *Id.* (citing *United States v.*

*Brooker*, 976 F.3d 228, 234 (2d Cir. 2020)).[5]  "Until the Sentencing Commission updates §

1B1.13 to reflect the First Step Act, district courts have **full discretion** in the interim to

determine whether an 'extraordinary and compelling' reason justifies compassionate release

when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.* (emphasis added).  In other

words, "federal judges may skip step two of the § 3582 inquiry[.]" *Id.* at 1111.  Assuming an

extraordinary and compelling reason is found, step three then requires consideration of the

---

(i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness
       with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability
       of death within a specific time period) is not required. Examples include metastatic solid-
       tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and
       advanced dementia.

(ii)   The defendant is –

       (I)    suffering from a serious physical or medical condition,

       (II)   suffering from a serious functional or cognitive impairment, or

       (III)  experiencing deteriorating physical or mental health because of the aging
              process,

       that substantially diminishes the ability of the defendant to provide self-care within the
       environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

   As discussed *infra*, the Sentencing Commission's policy statement was not amended after the enactment of
the First Step Act, which now allows a defendant to file a motion for compassionate release.  Rather, it still speaks
only to determinations by the Director of the BOP in the rare instance in which he would file such a motion with a
court.

   [5] Since *Jones* was decided, the Fourth, Fifth, Seventh, and Tenth Circuits also have reached the conclusion
that § 1B1.13 is inapplicable to inmate-filed compassionate release motions. *See United States v. McCoy*, 981 F.3d
271, 281–82 (4th Cir. 2020); *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *United States v. Gunn*,
980 F.3d 1178, 1180 (7th Cir. 2020); *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021).

applicable sentencing factors listed in 18 U.S.C. § 3553(a).  *Id.* at 1106 (citing *United States v. Ruffin*, 978 F.3d 1000, 1003–06 (6th Cir. 2020)).

In *Jones*, the Sixth Circuit panel ultimately upheld the district court's denial of compassionate release by concluding that the trial judge's assessment of the § 3553(a) factors did not constitute an abuse of discretion.  *Id.* at 1111–16.  But because the trial judge assumed for the sake of argument that extraordinary and compelling reasons would support a reduction in sentence, the *Jones* concurrence observed that the majority's discussion of § 1B1.13 was unnecessary to the decision.  *Id.* at 1116–17.  Subsequently, however, the Sixth Circuit made its position clear.  "[W]e hold that § 1B1.13 is **not** an applicable policy statement for compassionate-release motions brought directly by inmates, and so **district courts need not consider it** when ruling on those motions."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021) (emphasis added).[6]

Considering the unique circumstances surrounding the coronavirus pandemic, "[n]umerous courts have recently concluded that 'extraordinary and compelling reasons' exist for purposes of § 3582(c)(1)(A) where inmates suffer from medical conditions that place them at a higher risk of serious illness in the event they contract COVID-19." *United States v. Jackson*, No. 5:02-cr-30020, 2020 WL 2735724, at *3 (W.D. Va. May 26, 2020) (collecting cases).  This standard, coupled with an examination of the prison's infection rates, was approved in—though not mandated by—the panel in *Elias*.  984 F.3d at 520–21.

Defendant seeks compassionate release based on his age and these "active" medical conditions:  benign prostatic hypertrophy, asthma, TIA (transient ischemic attack), COPD

---

[6] The panel further clarified that, "as in *Jones* and *Ruffin*, district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Elias*, 984 F.3d at 519.

(chronic obstructive pulmonary disease), HTN (hypertension), blindness, and kidney stones.

(Doc. 48-1 PAGEID 210).  In support, Defendant supplies a Bureau of Prisons Health Services

Medication Summary (current as of 08/02/2021) and two pages of excerpted medical records

with notes entered (on 06/23/2021) by a physician, Elias M. Rifkah, M.D., who appears to be an

outside provider.  (*Id.* PAGEID 208–11).  Appointed counsel calls the Court's attention to the

following remark by Dr. Rifkah:

> Currently patient in the telemetry unit and I am concerned about his
> recurrent episode of chest pain in **such a high risk profile patient that
> has every risk factors in the books** and at this point I feel cardiology
> consult will be in order for consideration of cardiac catheter to put to rest
> this issue of recurrent chest pain or recurrent hospital admissions in the
> meantime I will continue his home medications and monitoring.

(Doc. 52 PAGEID 230 (quoting Doc. 48-1 PAGEID 211)).

The Centers for Disease Control and Prevention ("CDC") advises that "[o]lder adults are

more likely to get severely ill from COVID-19."  *See* "People With Certain Medical Conditions,"

Centers for Disease Control and Prevention (Oct. 14, 2021) available at

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

conditions.html (last visited 11/12/2021) ("**More than 81% of COVID-19 deaths occur in**

**people over age 65.**  The number of deaths among people over age 65 is 80 times higher than the

number of deaths among people aged 18-29.") (emphasis added).  In addition, adults of any age

with chronic kidney disease, chronic lung disease (including COPD and moderate-to-severe

asthma), and heart conditions[7] "can be more likely to get severely ill from COVID-19."  *Id.*  In

the ordinary course, then, assuming a full complement of medical records supported the

diagnoses Defendant claims, the Court might be inclined to find that extraordinary and

---

[7] High blood pressure (hypertension) may qualify as well.  *See id.*

compelling reasons support a sentence modification under § 3582(c)(1)(A).  *Jones*, 980 F.3d at

1111.  Not so here.

Defendant represents that he "was the very first inmate to be hospitalized for covid 19

from Loretto FCI."  (Doc. 48-2 PAGEID 215).  And, being classified as among "highest risk"

inmates, he was in the first group to be vaccinated.  (*Id.*).[8]  In this circumstance, the Sixth Circuit

recently has concluded,

> [Defendant's] access to the COVID-19 vaccine substantially undermines
> his request for a sentence reduction.  To that end, we agree with the
> Seventh Circuit that **a defendant's incarceration during the COVID-19
> pandemic—when the defendant has access to the COVID-19
> vaccine—does not present an "extraordinary and compelling reason"
> warranting a sentence reduction**.  *United States v. Broadfield*, 5 F.4th
> 801, 803 (7th Cir. 2021 (Easterbrook, J.).  After all, with access to the
> vaccine, an inmate largely faces the same risk from COVID-19 as those
> who are not incarcerated.  To be sure, inmates in some respects face social
> distancing challenges distinct from those of the general public (although
> perhaps not entirely unlike students in dorm rooms, individuals in medical
> and assisted care facilities, and even residents of densely occupied
> apartment complexes).  But to the extent prisons do offer some unique
> challenges, the vaccine now significantly reduces the risks associated with
> COVID-19.  And at this intersection of law and science, we find wisdom
> in Judge Easterbrook's assessment that "for people living in close
> quarters, vaccines offer relief far more effective than a judicial order."  *Id.*

*United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (emphasis added).  *See United States*

*v. Traylor*, --- F.4th ---, No. 21-1565, 2021 WL 5045703, at *1 (6th Cir. Nov. 1, 2021)

("Accepting the serious nature of [Defendant's] alleged medical conditions, her argument is

foreclosed by our recent holding [in *Lemons*].").  In line with *Lemons*, then, because Defendant

Roberts is fully vaccinated[9] the undersigned fails to find that his age and claimed medical

---

[8] One of the medical record excerpts indicates that Defendant received both doses of the Pfizer-BioNTech vaccine in January 2021.  (Doc. 48-1 PAGEID 210).

[9] Overall, 759 inmates and 168 staff at FCI Loretto have been fully vaccinated and 0 inmates and only 1 staff member are currently positive.  "COVID-19 Cases" and "COVID-19 Vaccine Implementation," Federal Bureau of Prisons available at https://www.bop.gov/coronavirus/  (last visited 11/12/2021). According to its website, the BOP updates the open COVID-19 confirmed positive numbers each weekday at 3:00 p.m.  *Id.*

conditions constitute an extraordinary and compelling reason to support a sentence modification under § 3582(c)(1)(A).[10]

### III.    CONCLUSION

Having found no extraordinary and compelling reasons in support of a sentence reduction, the compassionate release analysis ends.  *Elias*, 984 F.3d at 519; *see also Tomes,* 990 F.3d at 504 (citing *Elias*).[11]  Accordingly, Defendant Eugene Robert's pro se motion for a reduced sentence (Doc. 48), as supplemented (Doc. 52), is hereby **DENIED**.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court

---

[10] *See*, *e.g.*, *United States v. Ho*, No. 1:17-cr-0057, 2021 WL 4440189, at *4 (S.D. Ohio Sept. 28, 2021) ("However, '[n]ow that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19 risks] generally lack merit.'") (quoting *United States v. Reed*, No. 18-cr-0078, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021)); *United States v. Baeza-Vargas*, No. CR-10-00448-010-PHX-JAT, --- F. Supp. 3d ---, 2021 WL 1250349, at *4 (D. Ariz. Apr. 5, 2021) ("Although Baeza-Vargas's age, hyperlipidemia (high cholesterol), and hypertension (high blood pressure) make her more likely to suffer serious complications from COVID-19, . . . [because she will be] fully vaccinated shortly[,] . . . the Court does not find that Baeza-Vargas has shown extraordinary and compelling reasons warrant[ing] a reduction in her sentence."); *United States v. Rodriguez*, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *1 (D. Minn. Mar. 30, 2021) ("Given that Rodriguez is or will soon be fully vaccinated against COVID-19, the Court concludes that Rodriguez's obesity and hypertension are not extraordinary and compelling reasons justifying his release."); *United States v. White*, No. 15-cr-20040-01, 2021 WL 964050, at *2 (E.D. Mich. Mar. 15, 2021) ("The Court denies Defendant's motion for compassionate release because his access to the COVID-19 vaccine mitigates any extraordinary and compelling reasons that might otherwise justify release."); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 & n.36 (M.D. Pa. Mar. 11, 2021) ("The sum of this data demonstrates to the Court that, as a result of his vaccination, Singh now has significant protection against serious illness or death should he contract COVID-19 and, accordingly, the Court concludes that Singh has not demonstrated that his underlying conditions—in combination with the possibility of a COVID-19 infection—provide extraordinary and compelling reasons to grant his motion for compassionate release.  This determination is in accord with the vast majority of courts that have considered this issue.").

[11] Thus, the Court need not proceed to step three of the § 3582(c)(1)(A) inquiry, "considering" the "applicable" sentencing factors listed in 18 U.S.C. § 3553(a).  *Elias*, 984 F.3d at 519.  *See Traylor*, 2021 WL 5045703, at *1 (citing *Elias*, "[B]ecause the district court determined that there was no extraordinary and compelling reason to grant [Defendant's compassionate release] motion, it also did not abuse its discretion by denying the motion without addressing whether the 18 U.S.C. § 3553(a) factors support a sentence reduction.").